UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CORLISS PERKINS, | Case No. 2:13-cv-01981-LDG-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | (IFP App – Dkt. #1) |
| VIRGIN AMERICAN, INC., | |
| Defendant. | |

Plaintiff Corliss Perkins is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.      In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's complaint alleges that she was discriminated against by her former employer, Defendant Virgin America, Inc., because she is African-American. She contends that she was denied "trades," was not permitted to apply for a Learning Coordinator position, and was required to use certain ticket counters that Caucasian employees did not have to use. On April 11, 2011, Plaintiff was disciplined after complaining about her unequal treatment and harassment

1  to the human resources manager in January 2011.  She was eventually terminated because of her
2  race.
3       Plaintiff is attempting to state a claim for discrimination and retaliation under Title VII of
4  the Civil Rights Act.  *See* 42 U.S.C. § 2000e et seq.  To state a prima facie case of retaliation in
5  violation of Title VII, Plaintiff must allege: (1) that she committed a protected act, such as
6  complaining about discriminatory practices; (2) that the employee suffered some sort of adverse
7  employment action; and (3) a causal connection between the employee's action and the adverse
8  act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008).  Under Title VII,
9  where an employee opposes an unlawful practice, he or she has engaged in a protected activity.
10  Plaintiff alleges she was terminated for complaining about discriminatory practices.  As
11  discussed below, Plaintiff has not alleged she exhausted her administrative remedies.  But for
12  Plaintiff's failure, Plaintiff has stated a retaliation claim against Defendant.
13       In order to state a prima facie case of discrimination in violation of Title VII, Plaintiff
14  must allege: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was
15  subjected to an adverse employment action; and (d) similarly situated employees not in her
16  protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.
17  2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).  *See* 42 U.S.C.
18  § 2000e-3(e).  Plaintiff has alleged that she was treated differently than her co-workers by
19  Defendant and eventually terminated on the basis of race.  But for Plaintiff's failure to allege she
20  has exhausted her administrative remedies, she has stated a claim for discrimination under Title
21  VII.
22       Title VII allows a plaintiff to sue an employer for discrimination on the basis of race,
23  color, religion, gender or national origin if he or she has exhausted both state and Equal
24  Employment Opportunity Commission ("EEOC") administrative procedures.  Once Plaintiff files
25  charges with the EEOC, the Commission will investigate the charges, attempt to reach a
26  settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney
27  General if the charges are against a state or local governmental entity.  *Id*.  If the EEOC or
28  Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,

1  the EEOC will issue Plaintiff a right-to-sue letter, and Plaintiff will have exhausted her remedies
2  with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, Plaintiff
3  may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S.
4  820, 825-26 (1990).  Plaintiff has not alleged she has exhausted her administrative remedies, and
5  her complaint will be dismissed with leave to amend.

6  If Plaintiff chooses to file an amended complaint, she is informed that the court cannot
7  refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1
8  requires that an amended complaint be complete in itself without reference to any prior pleading.
9  This is because, as a general rule, an amended complaint supersedes the original complaint. *See*
10 *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff files an amended complaint, the
11 original pleading no longer serves any function in the case. Therefore, in an amended complaint,
12 as in an original complaint, each claim and the involvement of each defendant must be
13 sufficiently alleged.

14 Based on the foregoing,

15 **IT IS ORDERED** that:

16 1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not
17    be required to pay the filing fee of four hundred dollars ($400.00).
18 2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
19    prepayment of any additional fees or costs or the giving of a security therefor.
20    This Order granting leave to proceed in forma pauperis shall not extend to the
21    issuance of subpoenas at government expense.
22 4. The Clerk of Court shall file Plaintiff's complaint.
23 5. Plaintiff's complaint is DISMISSED with leave to amend.
24 6. Plaintiff shall have until **June 27, 2014,** to file an amended complaint, if she
25    believes she can correct the noted deficiencies.  The amended complaint must be a
26    complete document in and of itself, and it will supersede the original complaint in
27    its entirety. Any allegations, parties, or requests for relief from prior papers that
28

are not carried forward in the amended complaint will no longer be before the court.

7. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:13-cv-01981-LDG-PAL**, above the words "FIRST AMENDED COMPLAINT."

8. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, it will be recommended to the district judge that this case be dismissed.

DATED this 27th day of May, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE